**FROM: The District Court of the 11th Judicial District.
County of Flathead.**

STATE OF MONTANA,
 Plaintiff,                                                    NO. DC 94-146(B)
 VS.                                                            DECISION
Lori Van Marter,
 Defendant.

On September 22, 1994, it was the judgment of the Court that the defendant serve a term of ten (10) years at the Montana State Prison. This period of incarceration is to be served consecutive to that imposed upon the defendant in Lake County Cause No. DC 94-53. The defendant is declared ineligible for parole. Anticipating that the Sentence Review Division of the Supreme Court may set aside her parole ineligibility, the Defendant is also designated a dangerous offender for purposes of parole eligibility. Should the defendant ultimately be allowed parole, it is recommended that she be required to pay $5,859.11 in restitution to her victims in this matter. The defendant is

hereby given credit for fifty-eight (58) days served in the Flathead County Detention Center pending final disposition in this matter.

On May 12, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence remain the same as originally imposed.

The reason for the decision is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to find that the sentence imposed is either inadequate or excessive as is required to overcome the presumption that the sentence is correct.

Done in open Court this 12th day of May, 1995.

DATED this 23rd day of May, 1995.

**Hon. John Warner, Chairman, Hon. Robert Boyd, Alternate Member, and Hon. Jeffrey M. Sherlock, Member.**

The Sentence Review Board wishes to thank Lori Van Marter for representing herself in this matter.